UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY R. PETROZZI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-03301(UNA) |
| v. ) | |
| ) | |
| MURIEL BOWSER, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss an action "at any time" if it determines that it is frivolous or malicious.

As background, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, Plaintiff, who has provided only a general delivery address in contravention of D.C. Local Civil Rule 5.1(c)(1), sues an assortment of Defendants, including the Mayor of the District of Columbia, Metro Police Department officers, a federal judge, federal officials and agencies, and a grocery store chain, *see* Compl. at 1–3. The Complaint is comprised of statements predicated on Plaintiff's belief that Defendants and other wrongdoers have colluded to hack into his devices,

declare him incompetent, declare his repeated lawsuits frivolous, engage in corruption, subject him to multiple crimes, and to frame him for crimes in an effort to "attack all parts of his life," "slaughter the truth to the public," and disrupt his "enlightenment process." *See id*. at 3–16. He contends that his suspicions have been recently confirmed by his failed attempt to rent a storage unit. *See id*. at 3–8. He demands that his records, and his family members' records, be expunged, and he seeks "$38,440 duodecillion" in damages. *See id*. at 16.

As here, the Court cannot exercise subject matter jurisdiction over a frivolous or malicious complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"). As a result, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant Complaint falls into this category and fails to state a claim for relief or establish this Court's jurisdiction or entitlement to relief.

For these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:  December 9, 2025

/s/_____
 ANA C. REYES
 United States District Judge